IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00056-CR

 

Gabriel Anthony Jimenez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 06-00382-CRF-361

 



ABATEMENT ORDER










 

            Gabriel Jimenez was charged with two
counts of possession with the intent to deliver a controlled substance in an
amount less than 28 grams.  Jimenez filed a motion to suppress which was denied
by the trial court.  Jimenez was specifically allowed to appeal the ruling on
his motion to suppress and was not required to report to the community
supervision department until the mandate issued from this Court.  As permitted,
Jimenez appealed.

            Jimenez filed his notice of appeal
with the trial court on January 18, 2007.  The reporter’s record was due
February 19, 2007.  See Tex. R.
App. P. 35.2.  On March 15, 2007 the Clerk of this Court notified the
official reporter of the 361st District Court that the reporter’s record had
not been filed.  The Clerk requested the filing of the record within 30 days
and if the reporter’s record could not be filed within that time, to notify the
Court immediately.  We received no response from the reporter.  

            On May 8, 2007 the Clerk of this Court
notified the official reporter again that the reporter’s record had not been
filed, that the reporter had been notified on March 15, 2007 that the
reporter’s record was due within 30 days, and that the reporter did not respond
to the notification.  The Clerk requested the reporter to contact the Court
within 10 days.  The Clerk warned that if the reporter did not respond within
10 days from the date of the letter, the matter would be referred to the
Court.  See Tex. R. App. P.
35.3(b) and 37.3(a).  We received no response from the reporter.

            On July 17, 2007 and because multiple
records by this particular reporter were overdue, the Clerk of this Court
requested the reporter to immediately inform the Court as to the date the
records, including the record in this appeal, would be filed.  A spreadsheet of
the overdue records was included with the letter.  We received no response from
the reporter.  

            On September 14, 2007, the Clerk of
this Court, with the unanimous approval of the justices of this Court, notified
Jimenez, the State through the District Attorney’s Office, the trial court
judge, and the reporter that the reporter’s record had not been filed and that
the Court had been unsuccessful in its attempts to have the reporter’s record
filed.  The Clerk warned that “the trial court’s judgment will be reversed and
the appeal will be remanded for a new trial unless any party can show that a
copy of the reporter’s record will be provided to us within 30 days of the date
of this letter.  See Tex. R. App.
P. 34.6(f).”  Thirty days have passed and we have received neither the
record nor a response from any party.  

            The reporter’s record is now 8 months
overdue.  And this is not the only appeal of a criminal conviction which has
come to a standstill because of this reporter.  See Montgomery v. State,
No. 10-07-00080-CR (Tex. App.—Waco Nov. 14, 2007, order) (not designated for
publication); Yarbrough v. State, No. 10-06-00328-CR (Tex. App.—Waco Nov. 14, 2007, order) (not designated for publication); Lopez v. State, No.
10-06-00262-CR (Tex. App.—Waco Nov. 14, 2007) (not designated for
publication).  The location of the reporter was unknown to us for a period of
time.  See Hot Rod Hill Motor Park v. Triolo, No. 10-06-00092-CV
(Tex. App.—Waco Oct. 10, 2007, order) (not designated for publication). 
Further, as a result of an abatement and hearing, the location of the reporter
has recently become known to us.  See id.  

            Though we might prefer to reverse and
remand this criminal proceeding due to this delay, the Court of Criminal
Appeals requires more than just numerous unsuccessful efforts to obtain the
reporter’s record.  Johnson v. State, 151 S.W.2d 193 (Tex. Crim. App.
2004).  Specifically, before we can reverse the judgment of the trial court and
remand this proceeding for a new trial, “the appellant must show (1) that a significant
portion of the record was lost or destroyed, (2) through no fault of [his] own,
(3) that the missing portion of the record is necessary to [his] appeal, and
(4) the parties cannot agree on the record.”  Routier v. State, 112
S.W.3d 554, 570 (Tex. Crim. App. 2003).  We also note that “a court reporter’s
notes and records, or portions thereof, can be considered ‘lost’ only if the
missing portions of the appellate record are irretrievable.”  Johnson v.
State, 151 S.W.2d 193, 196 (Tex. Crim. App. 2004).

            We have determined that the trial
court is in a better position to make the evidentiary record and determination
of the four elements required by Routier before a new trial can be
granted.  Accordingly, we abate this proceeding to the trial court for a
determination of these issues.  See Kirtley v. State, 56 S.W.2d
48, 52 n.3 (Tex. Crim. App. 2001) (“The Court of Appeals should begin with a
determination as to which court should conduct the remaining Rule 34 analysis.  If
the appellate court finds that such analysis is best done by the trial court,
it may remand the case accordingly.”).

            The trial court shall:  1) conduct a
hearing within 21 days from the date of this Order; and 2) prepare and tender
to the trial court clerk written findings of fact and conclusions of law and a
signed, written order consistent with this Order within 28 days from the date
of this Order.  The trial court shall also take whatever actions it deems
appropriate, including holding the reporter in contempt until the record has been
filed, to ensure that if it can be prepared, the record or any part of it is
prepared and delivered to the trial court within 14 days of the date of the
hearing.

            The trial court clerk shall prepare
and file a supplemental clerk’s record containing a copy of the trial court’s
findings of fact and conclusions of law and the trial court’s written order
with the Clerk of this Court within 35 days from the date of this Order.

            The current official reporter of the
trial court shall prepare and file a supplemental reporter’s record of the
abatement hearing with the Clerk of this Court within 35 days from the date of
this Order.  

 

                                                                                    PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Abated

Order
issued and filed November 14, 2007

Publish

[CR25]